UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                                    Bankruptcy No. 04-32024
                                                                                          Chapter 7
Karmith Christensen,

                Debtor.
_____/

Gina B. Olson, by and through her Guardian,                      Adversary No. 05-7007
Sandra Olson, and Gina Olson as a Person
of the Age of Majority,

                Plaintiffs,

     vs.

Karmith Christensen,

                Defendant.
_____/

**MEMORANDUM AND ORDER**

       This case is before the Court on Motion for Summary Judgment and/or Default Judgment filed by Plaintiffs Gina B. Olson, by and through her Guardian, Sandra Olson, and Gina Olson as a Person of the Age of Majority (hereafter collectively "Olson") on March 1, 2005. Debtor Defendant Karmith Christensen has not filed an objection to the motion.

       By Complaint filed January 18, 2005, Olson initiated this adversary proceeding seeking a determination that the Debtor's outstanding obligation to Olson in the amount of $22,609.81[1] as the result of a state court judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The Debtor did not file an answer.

---

[1] As of November 8, 2004.

On September 20, 1996, a state court entered a criminal judgment against the Debtor after a jury found him guilty of two offenses of gross sexual imposition against Olson. The Debtor served a prison sentence for the convictions.

On March 29, 2000, Olson filed a civil action in state court against the Debtor seeking money damages against the Debtor. Olson alleged the Debtor sexually molested her several times during her youth. Olson further alleged that as a direct and proximate result of the Debtor's willful and reckless disregard for Olson's safety and person, she was seriously injured and sustained psychological damage and physical and mental pain.

On November 20, 2001, the Debtor agreed to settle the civil case, and on January 15, 2002, a state court entered a judgment against the Debtor in the amount of $20,297.94.

The Debtor filed a Chapter 7 petition for bankruptcy relief on November 16, 2004.

A.   Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr. P. 7056. Summary judgment is appropriate if, viewing all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Superpumper, Inc. v. Nerland Oil, Inc. (In re Nerland Oil, Inc.), 303 F.3d 911, 916 (8th Cir. 2002) ; Nelson v. Nelson, (In re Nelson), 255 B.R. 314, 316 (Bankr. D.N.D. 2000); see Fed. R. Civ. P. 56. Procedurally, the initial burden is on the moving party to establish the lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Dennis v. Novotny (In re Novotny), 224 B.R. 917, 921 (Bankr. D.N.D. 1998). Once the moving party has made its showing, the burden shifts to the nonmoving party to demonstrate the

existence of a genuine dispute. Fed. R. Civ. Pro. 56(e). If the nonmoving party does not respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id.

Olson argues there is no genuine issue of material fact in this case and she is entitled to a judgment of nondischargeability of the obligation as a matter of law. Specifically, she argues the obligation is nondischargeable under section 523(a)(6) because the Debtor was convicted of two counts of gross sexual imposition against her and he admitted he committed a willful, wanton and reckless act against Olson through the settlement agreement and entry of the civil judgment. Moreover, the Debtor has not responded to either the complaint or the instant motion.

B.     11 U.S.C. § 523(a)(6)

The statutory exceptions to discharge in bankruptcy are narrowly construed to effectuate the fresh start policy of the Bankruptcy Code. Owens v. Miller (In re Miller), 276 F.3d 424 (8th Cir. 2002). Accordingly, a creditor opposing discharge of a debt must prove the debt falls within an exception to discharge. Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir. 1993). The standard of proof for exceptions to discharge under 11 U.S.C. § 523(a) is the preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286 (1991).

The Bankruptcy Code provides that an individual debtor in a Chapter 7 case is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). In the Eighth Circuit, the terms "willful" and "malicious" are two distinct elements, and each must be shown to establish an exception to discharge. Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999).

The term willful means deliberate or intentional. Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). Because "willful" modifies the word "injury" in section 523(a)(6), the injury, and not merely

3

the act leading to the injury, must be deliberate or intentional. Id. at 61- 62. The willfulness element is satisfied if the injury is the result of an intentional tort. Osborne v. Stage (In re Stage), 321 B.R. 486, 493 (B.A.P. 8th Cir. 2005).

An injury is malicious when the debtor intended to harm the creditor, at least in the sense that the debtor's tortious conduct was certain or almost certain to cause harm. Waugh v. Eldridge (In re Waugh), 95 F.3d 706, 711 (8th Cir. 1996); In re Stage, 321 B.R. at 493. Intentional harm is difficult to establish, but the likelihood of harm in an objective sense may be considered in evaluating intent. In re Stage, 321 B.R. at 493 (citing Barclays American Bus. Credit, Inc. v. Long (In re Long), 774 F.2d 875, 881 (8th Cir. 1985)). The mere violation of legal rights is not enough to show malice absent additional aggravating circumstances. Id.

Several courts have deemed a debtor's civil liability for a sexual offense nondischargeable under section 523(a)(6). See, e.g., Henderson v. Woolley (In re Woolley), 288 B.R. 294 (Bankr. S.D. Ga. 2001); Pettey v. Belanger, 232 B.R. 543, 546-47 (D. Mass. 1999) (holding debtor's civil liability for sexual assault and battery "falls squarely within the exception contained in section 523(a)(6)"). This Court likewise concludes that Olson's civil judgment against the Debtor is nondischargeable under section 523(a)(6).

The Debtor's actions constituted willful and malicious injury. By committing gross sexual imposition against Olson, the Debtor intentionally injured her. See In re Woolley, 288 B.R. 294, 304 ("It defies human response and sensitivity to conclude that the inevitable product of the sexual molestation of a child is not intended."). His actions were malicious in that they were inherently injurious and targeted at Olson.

4

Therefore, no genuine issue of material fact as to any element of willful and malicious injury remains to be decided with respect to dischargeability under section 523(a)(6), and Olson is entitled to summary judgment as a matter of law. Summary judgment is hereby GRANTED against Debtor Karmith Christensen and in favor of Olson, and the Debtor's obligation to Olson in the amount of $22,609.81 plus additional accrued interest is nondischargeable under 11 U.S.C. § 523(a)(6).

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

Dated this April 7, 2004.

**WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT**